IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHARLES WITTER, § | |
| aka Charles Gleason Witter, [1] § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-250-O |
| § | |
| ERIC D. WILSON, Warden, § | |
| FMC-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No.1) by petitioner Charles Witter ("Witter"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas; the Response of Warden Eric D. Wilson (ECF No. 6) and an Appendix (ECF No. 7). After considering the § 2241 petition and the relief sought by Petitioner, the record, related briefing, and applicable law, the Court concludes that the § 2241 petition should be and is hereby **DISMISSED** for lack of jurisdiction.

**I.     BACKGROUND**

Witter was convicted in the United States District Court for the Western District of Texas, in Cause Number 5:11-cr-598-FB-1, of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and sentenced to a 120 month term of imprisonment. J., No. 5:11-cr-598-FB (1), ECF

---

[1]Petitioner was identified in his underlying criminal case and in documents filed in the United States Court of Appeals for the Fifth Circuit as both "Charles Witter" and as "Charles Gleason Witter." The clerk of court is therefore directed to add the name Charles Gleason Witter to the docket.

No. 43;[2] App. 1–7, ECF No. 7-1. Witter did not file a direct appeal, but he did file a motion for relief under 28 U.S.C. § 2255. Mot. Vacate, No. 5:11-cr-598-FB (1), ECF No.47. The district court ultimately denied the § 2255 motion in an order entered on February 20, 2014. Order and J., No. 5:11-cr-598-FB (1), ECF Nos. 60, 61; App. 8–12, ECF No. 7-1. Witter filed an appeal to the Fifth Circuit. The court of appeals denied a certificate of appealability. *United States v. Witter*, No.14-50275 (5th Cir. Oct. 17, 2014).

On January 28, 2016 Witter filed in the underlying criminal case a document entitled "Motion for Relief from Void § 2255 Judgment Supporting Memorandum of Points and Authorities." Mot. Relief from Judgment, No. 5:11-cr-598-FB (1), ECF No. 68. By an order entered on February 10, 2016, the court dismissed the motion without prejudice for lack of jurisdiction because the court of appeals had not authorized Witter to file a successive § 2255 motion. Order, No. 5:11-cr-598-FB (1), ECF No. 69. After the district court dismissed the unauthorized § 2255 motion, Witter filed the instant § 2241 petition in this Court. Pet. 1, ECF No. 1.

## II. CLAIMS FOR RELIEF

In his § 2241 petition, Witter asserts that (1) his rights under the Sixth Amendment were violated because his indictment was fatally defective; (2) the convicting court delegated its duty to impose punishment to a probation officer; (3) he should not have been punished for both possession and receipt of child pornography, and (4) the convicting court improperly calculated his sentencing range. Pet. 1–4, ECF No. 1.

## III. ANALYSIS

---

[2]The Court takes judicial notice of the records of the court in *United States v. Witter*, No.5:11-cr-598-FB. *See* FED. R. EVID. 201(b)(2) and (c)(1).

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam ) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Witter fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his detention. Witter cannot rely on § 2241 merely because he already sought relief under § 2255 that was denied, and then sought to file a successive § 2255 motion that was dismissed as not having been authorized by the court of appeals, such that he is now limited in seeking further relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings

clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

In this case, Witter has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Witter does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he first raises challenges to the sufficiency of the indictment, contending that it did not contain every element of the offense such that it failed to put him on notice of the charges against him. Pet. 1, ECF No.1. But courts have repeatedly found that challenges to defects in the indictment are not sufficient to invoke the savings clause. *See, e.g.*, *Cockerham v. Willis*, 671 F. App'x 348, 349 (5th Cir. 2016) ( "Cockerham . . . has not established that his claim of a lack of subject matter jurisdiction, predicated on allegations of a defective indictment, either is based upon a retroactive Supreme Court decision establishing that he was convicted of a nonexistent offense or was foreclosed by circuit law at the time of his trial, appeal, or first § 2255 motion"); *Fisher v. Purdy*, 37 F. App'x 714, 2002 WL 1222015, at * 1 (5th Cir. 2002) ("Fisher argues that he is entitled to bring his claim that the indictment was fundamentally defective under the savings clause of 28 U.S.C. § 2255. He argues that his claim is a jurisdictional issue which may be raised at any time. Fisher has not shown that he is entitled to raise his claim under the savings clause of 28 U.S.C. § 2255. Fisher has not shown that 28 U.S.C. § 2255 is inadequate or ineffective") (citation omitted); *Griggs v. Chandler*, No. 4:15-cv-133-O, 2015 WL 884618, at * 2 (N.D. Tex. March 2, 2015) (noting that Petitioner's defective-indictment claim, upon which he sought to pursue relief through § 2241 under the savings clause of § 2255, was not foreclosed at the time of his trial, appeal, or initial § 2255 motion), *affirmed*, *Griggs v. Chandler*, 637 F. App'x 190,

191 (5th Cir. 2016).

Further, Witter's second and third grounds for relief are not supported by review of the record, and thus do not undermine his conviction. His claims that the convicting court delegated its duty to impose punishment on a probation officer, and that he was punished for both possession and receipt of child pornography are without merit, as the district court presided over the imposition of punishment for only the crime of receipt of child pornography in violation of 18 U.S.C. §2252(a)(2). J. No.5:11-cr-598-FB(1), ECF No. 43.

Witter's final claim challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). Recently, in *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Witter does in this case, that he was erroneously sentenced. 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

The Court notes that Witter recites claims for relief based upon the fairly recent Supreme Court decision in *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) (holding that on direct appeal, a defendant can rely on the application of an incorrect Guideline range to show an effect on his substantial rights for purposes of plain error review). But Witter has not argued that this decision has been made retroactively applicable. Nor has he claimed that the decision establishes that he was actually innocent of the charge against him because the conduct for which he was convicted has been decriminalized. Relevant case law recognizes that the *Molina-Martinez* opinion does not provide a

5

basis for invoking the savings clause. *See e.g., Avila v. United States,* No.7:16-cv-700, 2017 WL 2391224, at *1 (S.D. Tex. April 21, 2017) (*Molina-Martinez* "addressed what showing a defendant must make on direct appeal [when claiming the trial court erred in its guideline calculations]; *Molina-Martinez* is not a vehicle for complaining of alleged guideline miscalculations on collateral review"); *United States v. Warren,* No. 8:96-cr-64-T-23 TBM, 2017 WL 4426549, at *3 (M.D. Fla. Oct. 5, 2017) ("*Molina-Martinez* neither asserts a new rule of constitutional law nor announces that the rule is retroactive on collateral review.")

As Witter does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Witter's § 2241 petition must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the saving clause are not met).

IV. **ORDER**

Accordingly, it is **ORDERED** that Charles Witter's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction**.**

**SO ORDERED** on this **30th day** of **July, 2018**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**